IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>**Plaintiff,**<br><br>v.<br><br>[1] WANDA VAZQUEZ-GARCED,<br>[2] JULIO M. HERRERA-VELUTINI,<br>[3] MARK T. ROSSINI,<br><br>**Defendants.** | **CRIMINAL NO.** 22-342(RAM) |

### ORDER

Before the Court are co-defendants Mark T. Rossini ("Rossini"), Wanda Vázquez-Garced ("Vázquez"), and Julio Herrera-Velutini's ("Herrera") responses to the Order to Show Cause as to why the protective order should not be issued in this case, as well as the Government's reply to Rossini's motion. (Docket Nos. 62, 88, 101, and 89, respectively). Essentially, Rossini, Vázquez, and Herrera (collectively, "Defendants") argue that the Protective Order at Docket No. 27 should be rescinded as it limits their ability to defend themselves from unfavorable media coverage. (Docket Nos. 62, 88, and 101). On its part, the Government does not object to suspending the Protective Order for the time being. (Docket No. 89). Notably, the Government and Defendants all maintain that there are less restrictive measures to ensure a fair trial including extensive *voir dire*; additional peremptory challenges; and imposing sanctions on attorneys whose

Criminal No. 22-342 (RAM)                                                    2

extrajudicial statements violate the Local Rules or parties that release information produced in discovery in violation of the Protective Order Regarding Discovery issued at Docket Nos. 31 and 76.

In light of the parties' unanimous agreement that other, less-restrictive measures can be employed to ensure a fair trial in this case, the Court hereby **VACATES** the Protective Order issued at Docket No. 27 for the time being. The Court has no particular interest in policing the speech of the parties involved in this case, rather it only seeks to protect Defendants' Sixth Amendment right to a fair trial.[1]

Accordingly, counsel are reminded of their duty to abide by Local Rule 83G(b)-(d) which controls the information attorneys can release. Likewise, counsel are reminded of their ethical obligations under the following ABA Model Rules of Professional Conduct which govern practice before this court: Rule 3.4(e): Fairness to Opposing Party & Counsel; Rule 3.6: Trial Publicity; and Rule 3.8(f): Special Responsibilities of a Prosecutor.

Lastly, District Court personnel must continue to comply with Local Rule 83(G)(a), which provides:

---

[1] The Court notes that analogous protective orders have regularly been issued for high-profile in this District. See e.g., United States v. Keleher, et al., 20-cr-019-FAB (Docket No. 13); United States v. Hernández-Pérez, et al., 15-cr-739-PAD (Docket No. 108); United States v. Kourí-Pérez, et al., 97-cr-091-JAF (Docket No. 113).

Criminal No. 22-342 (RAM)                                                           3

>Court personnel, including the United States Marshal, deputy marshals, the clerk, deputy clerks, probation officers, assistant probation officers, bailiffs or court security officers, official court reporters, court staff interpreters, and employees or subcontractors retained by the court-appointed official reporters, judges' secretaries, law clerks, student assistants, and other employees, are prohibited from publicly or privately disclosing, without authorization by the court, any information related to pending grand jury proceedings or non-public information related to any case, civil or criminal, or mediation processes, without the court's express authorization. Divulging information concerning in camera hearings or conferences is also prohibited.

Given the foregoing, the Government's Informative Motion Regarding Potential Violation of Court Order at Docket No. 52 is deemed **MOOT**.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 15th day of September 2022.

S/ RAÚL M. ARIAS-MARXUACH
United States District Judge
