

Exhibit D

**DLA Piper (Puerto Rico) LLC**
500 Calle de la Tanca Ste. 401
San Juan, Puerto Rico 00901-1969
www.dlapiper.com

Sonia I. Torres Pabón
Sonia.Torres@us.dlapiper.com
T   787.945.9120
F   939.697.6072

October 28, 2022

**VIA EMAIL**

(Ryan.R.Crosswell@usdoj.gov)

Ryan R. Crosswell
Trial Attorney
United States Department of Justice
Criminal Division | Public Integrity Section
1301 New York Ave, NW
Suite 1019
Washington, DC 20530

Re: *USA v. Vazquez-Garced et al.* (3:22-cr-00342-RAM) – Search Warrant Returns

Dear Mr. Crosswell:

We write on behalf of our clients, the various defendants in this case, in the matter *USA v. Vazquez-Garced et al.* (3:22-cr-00342-RAM), regarding the production of discovery collected in connection with search warrants issued for their email accounts and cellular devices (the "Search Warrants").

On October 13, 2022, and again on October 21, 2022, the Government informed us that potentially privileged materials responsive to the Search Warrants are being reviewed by a "Filter Team."

We write to discuss our concerns and to memorialize our objections to the review of any potentially privileged material of our clients by the Government's "Filter Team," as further described below. **To the extent that the Government has begun its review of potentially privileged material, we demand that the Government immediately ceases such review** as such review should not be done at all due to the untimely disclosure of the same, and the Government's inherent conflict

Ryan R. Crosswell, Esq.
October 28, 2022                                                                                                          **Exhibit D**
**2** | P a g e

in conducting the review. Further, the documents obtained pursuant to the Search Warrants are likely subject to suppression.[1]

Please be advised that if the Government insists on reviewing potentially privileged material, we will seek the Court's assistance. We also stress that the continued delay in discovery impairs our clients' due process rights and should be resolved as soon as possible. For this reason, we also demand that any pending discovery be delivered within the **next fifteen days**.

1. <u>**Objection to the Government's review of privileged materials**</u>

As reviewing courts have found, the Government has inherent conflicts when reviewing privileged information of a defendant that it cannot overcome by using a Filter Team. *See In re Search Warrant for L. Offs.* Executed on Mar. 19, 1992, 153 F.R.D. 55, 59 (S.D.N.Y. 1994) ("It is a great leap of faith to expect that members of the general public would believe any [wall between a filter review team and a prosecution team] would be impenetrable; this notwithstanding our own trust in the honor of an [Assistant United States Attorney]."), *see also*, *In re Grand Jury Subpoenas*, 454 F.3d 511, 523 (6th Cir. 2006); *United States v. Kaplan*, No. 02 Cr. 883 (DAB), 2003 WL 22880914, at *12 (S.D.N.Y. Dec. 5, 2003) ("Certainly this Opinion should be counted among those disapproving the Government's use of an ethical wall team to 'protect' the attorney-client and work-product privileges or to determine whether the crime-fraud exception applies, where potentially privileged materials are turned over to the trial team and case agents before any challenge to those determinations can be raised by a Defendant and determined by a court."); *In re Search of McCorkle*, 972 F. Supp. 1423, 1437 (M.D. Fla. 1997) ("The Court disapproves of the government's use of a taint team to review the documents."). This is because "[t]here is the possibility that a filter team—even if composed entirely of trained lawyers—will make errors in privilege determinations and transmitting seized materials to an investigation or prosecution team." *See In re: Search Warrant* Issued June 13, 2019, 942 F.3d 159, 177 (4th Cir. 2019).

More recently, in *Trump v. United States of America*, No. 9:22cv-81294-AMC at ECF No. 64 (issued on September 5, 2022), a district court similarly disapproved of Filter Teams on fairness grounds (explaining that "Even if DOJ filter review teams often pass procedural muster, they are not always perceived to be as impartial as special masters.")

Thus, we strongly object to the Government's review of privileged materials through a Filter Team, which provides no meaningful safeguards.

Further, we request that the Government immediately discloses the extent of its review of all documents received in response to the Search Warrants including the privileged materials, the custody, storage, software used and the settings installed in the software to inventory and search the documents, and the identity of everyone involved in the review, as well, as any search protocol that has been designed to aid in the review of privileged information and the identity of anyone

---

[1] We understand that the items recovered through the Search Warrants are also likely subject to suppression due to overbreadth and other deficiencies. This is a matter that we intend to submit to the court.

Ryan R. Crosswell, Esq.
October 28, 2022                                                                                                **Exhibit D**
**3 | P a g e**

who has come into contact with the potentially privileged information. **As you know, any federal officer or attorney that has come into contact with privileged information is tainted and must immediately stop any participation in this case.**

2. **Objection to waiving our clients' attorney-client privilege**

The Government states that it is unable to provide non-privileged materials related to other defendants until the filter review is complete. Because this process involves a large volume of documents and communications, many of which are in Spanish, "it [is] more difficult than most filter reviews." Thus, receipt of the full production, and the potential *Brady* materials it might contain, could be significantly delayed.

To address this problem, the Government has suggested that each defendant agree to waive their attorney-client privileges amongst each other, which waiver would not constitute a waiver of attorney-client privilege as to the Government. This proposal is not acceptable. Our clients refuse to waive any of their rights and privileges related to this discovery. **Neither the Government nor other the parties should have access to privileged communications that do not belong to them.**

3. **Objection to the Government's delays in producing discoverable information.**

From our initial review of the discovery provided, the Government's investigation in this case commenced in as early as 2020. Further, it appears that Search Warrants were issued in late 2020 and early 2021. We understand that the Government now appears to be claiming that in **October 2022**, it identified that some of the information recovered may contain attorney-client privileged communications. The Government has had accessed to this information for more than a year. These significant delays in discovery are inexcusable and impair our clients' due process rights.

We hereby demand that the Government provide our clients with the remaining discovery within the next 15 days. Our clients reserve the right to seek the court's assistance to preclude the Government from introducing the information at trial because of its delays in providing the same, or other grounds.

Further, as we are sure you are aware, due process requires that the disclosure of evidence material to a defendant's guilt or innocence be made in sufficient time to permit the defendant to have effective use of that material at trial. *See Brady v. Maryland*, 373 U.S. 83, 87-88 (1963) (holding the prosecution has a duty under the due process clause to ensure criminal trials are fair by disclosing evidence favorable to the defendant upon request); *Giglio v. United States*, 405 U.S. 150, 154-55 (1972). The Justice Manual maintains that the Government's obligation for discovery disclosure is even broader than *Brady* or *Giglio*. *See* Justice Manual, 9-5.001 & 9-5.002 ("[P]rosecutors should be aware that Section 9-5.001 details the Department's policy regarding the disclosure of exculpatory and impeachment information and provides for broader disclosures than required by Brady and Giglio."). Specifically, Government policy "requires disclosure by prosecutors of information beyond that which is 'material' to guilt." Justice Manual 9-5.001.

Ryan R. Crosswell, Esq.
October 28, 2022                                                                                                  **Exhibit D**
**4 | P a g e**

In sum, we reiterate our demand that the Government immediately stops the review of any materials identified as potentially containing privileged information and provide us with all information obtained as a result of the Search Warrants within the next 15 days.  Please note that nothing in this letter should be construed as a waiver by our respective clients to later raise a claim that their constitutional rights have been violated.

We are available to further discuss.


Sincerely,


| **Attorneys for Mrs. Wanda Vazquez** | **Attorneys for Mr. Julio Herrera** |
|---|---|
| */s/Luis Plaza, Esq.* | */s/ Sonia Torres, Esq.* |
| */s/ Peter John Porrata, Esq.* | */s/Lilly Ann Sanchez, Esq.* |
| */s/ Ignacio Fernández, Esq.* | */s/ Michael Zweiback, Esq.* |

**Attorney for Mark. T. Rossini**

*/s/Lydia Lizarribar, Esq.*