

U.S. Department of Justice

**Exhibit E**

---

Public Integrity Section

*Washington, D.C. 20530*

November 4, 2022

**VIA EMAIL**

Sonia I. Torres Pabon, Esq.
Michael Zweiback, Esq.
Lilly Ann Sanchez, Esq.
**Attorneys for Mr. Julio Herrera**

Luiz Plaza, Esq.
Peter John Porrata, Esq.
Ignacio Fernandez, Esq.
**Attorneys for Ms. Wanda Vazquez**

Lydia Lizarribar, Esq.
Sean Haran, Esq.
Derek Cohen, Esq.
**Attorneys for Mr. Mark Rossini**

**Re:** *USA v. Vazquez-Garced et al.* **(3:22-cr-342-RAM) – Search Warrant Returns**

Dear Counsel:

    We write in response to your letter dated October 28, 2022.  Your letter states, "To the extent that the Government has begun its review of potentially privileged material, we demand that the Government immediately ceases such review . . ."  For the reasons stated below, the Government will not accede to your demand to discontinue use of its filter team.  That said, the Government will agree to:

    1) allow documents segregated to the filter team as a result of its broad keyword searches to remain on the filter side, unless there is no attorney involved in the communication (in the case of false keyword hits); and

    2) in the case of communications between an attorney and a defendant in which the filter attorney believes a) that the document is not privileged or b) that privilege was waived, consult with the defendant's current counsel before releasing the communication to prosecution team.

As you're aware, the Government implemented a filter review for the defendants' email accounts searched pursuant to warrants in this matter. It also implemented a filter review for the contents of Ms. Vazquez's phone. Your letter notes that reviewing courts have found that "the Government has inherent conflicts when reviewing privileged information of a defendant that it cannot overcome by using a Filter Team," but the cases you cite contradict your position, are readily distinguishable from our posture here,[1] or are contrary to the overwhelming weight of the authority addressing filter reviews.[2]

Virtually every federal circuit court to consider filter reviews has approved or tacitly approved of their use.[3] Courts within the First Circuit Court of Appeals, consistent with the other

---

[1] *See In re Grand Jury Subpoenas*, 454 F.3d 512-14 (6th Cir. 2006) (concerning a subpoena, not a search warrant, served on a company allegedly in possession of the intervenor's privileged communications and after litigation had ensued); *United States v. Kaplan*, 2003 WL 22880914, at *11 (S.D.N.Y., Dec. 5, 2003) (granting a motion to suppress only as to evidence where the government failed to determine the crime-fraud exception applied, despite the seizure of dozens of case files from a law office and that a case agent, not a filter team member, made the initial determination that the crime-fraud exception applied); *In re Search Warrant for L. Offs. Executed on Mar. 19, 1992*, 153 F.R.D. 55, 58-59 (S.D.N.Y., 1994) (expressing skepticism over a "Chinese wall" but ultimately holding that records not privileged or subject to the crime-fraud exception should be turned over to the AUSA handling the prosecution); *Matter of McMCorkle*, 972 F. Supp. 1423, 1428-29 (M.D.FL, 1997) (addressing seizure of business files after targets had been sued by the state of Florida for the same fraudulent conduct serving as basis for the criminal charges); *United States v. Trump*, 2022 WL 4366684, at *12 (11th Cir. 2022) (staying district court decision ordering government to stop filter review), *motion to vacated denied*, __S.Ct. __, 2022 WL 7255980 (2022).

[2] Indeed, the jurisdictions for the cases you've cited have generally and more recently approved of the use of filter teams. *See, e.g., In re Search Warrants Executed on Apr. 28, 2021*, 2021 WL 2188150, at *2 (S.D.N.Y. Apr. 28, 2021) (approving use of filter team in search of home and offices of Rudolph Giuliani); *United States v. Ceglia*, 2015 WL 1499194, at *1 (S.D.N.Y. Mar. 30, 2015) (remarking that use of filter attorney is "a common procedure for litigating asserted claims of privilege in this District" when granting crime-fraud exception order); *United States v. Winters*, 2006 WL 2789864, at *2 (S.D.N.Y. Sept. 27, 2006) (rejecting motion for in camera reviews because "the Government's proposed employment of a 'wall Assistant' adequately protects the defendant's asserted privilege); *In re Sealed Search Warrant & Application for a Warrant by Tel. or Other Reliable Elec. Means*, 2020 WL 6689045, at *2 (S.D. Fla. Nov. 2, 2020), *aff'd*, 11 F.4th 1235 (11th Cir. 2021) ("In fact, filter teams are designed to protect, rather than infringe upon, the privilege protections afforded to parties."; "The Court will not presume the Government's purported lack of integrity in abiding by the Court's Order and the law.").

[3] *See, e.g., S.E.C. v. Rajaratnam*, 622 F.3d 159, 183 & n.24 (2d Cir. 2010) ("This inevitable 'tainting' of the team of attorneys is the reason that so-called 'ethical walls' are erected to insulate attorneys from conflicts of interest, immunized testimony, or materials that may have been illegally obtained."); *United States v. Scarfo*, 41 F.4th136, 172 (3d Cir. 2022) ("The use of filter teams in conjunction with ex parte proceedings is widely accepted."); *United States v. Jarman*, 847 F.3d 259, 266 (5th Cir. 2017) ("The taint process here was designed to protect Jarman's clients' privileged information. Courts have recognized that, in such circumstances, it is appropriate to screen privileged information."); In re Grand Jury Subpoenas, 454 F.3d 511, 522 (6th Cir. 2006) (explaining that when "potentially-privileged documents are already in

federal circuits, also approve or tacitly approve of filter teams. *See, e.g., United States v. Aboshady*, 951 F.3d 1, 5 (1st Cir. 2020) (describing the government's use of a filter team to, among other things, "filter out potentially privileged communications" before turning files over to "investigative team")); *In re Search of the Pers. of O'Donovan*, 2022 U.S. Dist. LEXIS 189199, at *5-9 (D. Mass. Oct. 17, 2022) ("Various district courts within the Circuit have also presumed without issue or elaboration that the use of a filter team to segregate non-responsive or privileged communications does not run afoul of any established legal precedent."); *United States v. St. George*, 2021 WL 4132662, at *3 n.5 (D. Mass. Sept. 11, 2021) (government's failure to use filter team to segregate non-responsive files raised a "policy" argument but "not a legal one"); *United States v. Liberty*, 2020 WL 5540193, at *5 (D. Me. Feb. 12, 2020) (granting filter team motion to produce documents to prosecution team); *United States v. Cadden*, 2015 WL 13683817, at *3 (D. Mass. Dec. 15, 2015) (ordering government to finish taint team review by set deadline). The legality of a filter team has also been assumed in the District of Puerto Rico. *See United States v. Keleher*, 516 F. Supp. 3d 162, 170 (D.P.R. 2021) (denying defendant's motion to suppress evidence based on a filter team's procedures).

We will not agree to discontinue the use of our filter team. Should our filter team identify any communications between an attorney and a defendant which do not qualify as privileged attorney-client communications, or where such privilege has been waived, we propose that the filter team share the communications with the defendant potentially holding the privilege before releasing it to the prosecution team. We propose that at that point, the defendant will have seven (7) days to agree or object to the communication's release to the prosecution team. If the filter team and the defendant dispute whether the communication is privileged, the parties can raise the issue with the court. Please let us know if you will agree to this resolution. As demonstrated, we are willing to work with you on this.

---

the government's possession ... the use of the taint team to sift the wheat from the chaff constitutes an action respectful of, rather than injurious to, the protection of privilege"); *United States v. Proano*, 912 F.3d 431, 437 (7th Cir. 2019) ("federal investigators and prosecutors cannot misuse *Garrity*-protected statements if they are never exposed to the statements. The government, in this case, set up a filter team to receive and review IPRA's materials." (internal citation omitted)); *United States v. Howard*, 540 F.3d 905, 906-07 (8th Cir. 2008) (in upholding district court's denial of request for continuance, court notes use of "taint team" to redact privileged communications); *United States v. Christensen*, 828 F.3d 763, 798-800 (9th Cir. 2016) (in denying defendants' challenge to their convictions on the basis that the prosecution received material protected by attorney-client privilege and attorney work-product doctrine, court notes use of filter team to screen evidence of privilege*); United States v. Ary*, 518 F.3d 775, 780-81 and 785, n.6 (10th Cir. 2008) (in finding defendant waived attorney client-privilege and work product protections by not specifically identifying materials protected, court notes use of taint team after defendant raised possibility that protected materials were seized; "After the government informed Ary the review was complete, he was on notice the government did not consider the contents of the black box protected."); *United States v. Korf*, 11 F.4th 1235, 1249 (11th Cir. 2021) (denying motion to enjoin because intervenors had not shown substantial likelihood of success that use of filter team per se violated their rights), *cert. denied*, 2022 U.S. LEXIS 3678 (2022).

**Exhibit E**

4

If you desire any additional information, please call the undersigned.

                        Sincerely,

                        COREY R. AMUNDSON
                        Chief
                        Public Integrity Section

By:    */s/ Ryan Crosswell*
                        Ryan R. Crosswell
                        Nicholas W. Cannon
                        Trial Attorneys
                        (202) 514-1412