IN THE UNITED STATES COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> WANDA VÁZQUEZ-GARCED [1], <br> JULIO M. HERRERA-VELUTINI [2], <br> AND MARK. T. ROSSINI [3], <br><br> Defendants. | CRIM. NO. 22-342 (SCC) |

**ORDER**

Transparency International UK ("TI-UK") and the Organized Crime and Corruption Reporting Project ("OCCRP") move the Court for leave to intervene in this case "for the limited purpose of seeking an order to unseal certain documents." Docket No. 491, pg. 1. Specifically, TI-UK and OCCRP seek unsealing of the following documents:

- "all entries related to Bancrédito's participation in court (namely [d]ocuments #227, #235, #252, #253, #256, #265, #270, #284, #285, #286, #289, #367, #370, #371, #398, #399, #400, #401);"

- "all entries relating to the Office of the Commissioner of Financial Institutions [of] Puerto Rico['s[1]] participation (documents #231 #244 #246 #275 and #336);"
- "restricted documents linked to motions to dismiss #193 and #224 ([s]pecifically documents #262 #301 #340 and all its [sic] exhibits);" and
- the Government's Motion in Compliance at Docket No. 406.

Docket No. 491, pg. 2.

To start, the Court notes that TI-UK and OCCRP's standing to intervene is tenuous. The Federal Rules of Criminal Procedure do not provide for intervention in criminal cases. *See United States v. Blagojevich*, 612 F.3d 558, 559 (7th Cir. 2010) ("The Federal Rules of Criminal Procedure lack a counterpart to Fed.R.Civ.P.24, which allows intervention."). While some courts have authorized press organizations to intervene in criminal cases, the First Circuit has expressly doubted whether intervention transfers from the civil to

---

[1] The Court hereinafter refers to the Office of the Commissioner of Financial Institutions of Puerto Rico by its Spanish-language acronym "OCIF."

U.S.A. V. VÁZQUEZ ET AL.                                                Page 3

criminal context. *Compare United States v. Aref*, 533 F.3d 72, 81 (2d Cir. 2008) (holding that intervention "to assert the public's First Amendment right of access to criminal proceedings is proper"), *with Pub. Citizen v. Liggett Grp., Inc.*, 858 F.2d 775, 783 (1st Cir. 1988) (explaining that in "criminal cases . . . intervention is not available"), *and In re Globe Newspaper Co.*, 920 F.2d 88, 90 (1st Cir. 1990) ("the right of a non-party to intervene in a criminal proceeding is doubtful").

      Moreover, TI-UK and OCCRP have pled no connection to the United States yet move to intervene based on their purported First Amendment rights as press.[2] *See* Docket No. 491, pgs. 1, 8. "But not everyone everywhere has rights under our Constitution. And foreign nationals do not suddenly acquire constitutional rights whenever the United States" takes actions they perceive as impacting them. *Bazzi v. Gacki*, 468 F. Supp. 3d 70, 73, 77 (D.D.C. 2020) (granting Defendant OFAC summary judgment because the sanctioned "Belgian citizen [plaintiff] with no connections to the United States[]

---

[2] On the contrary, TI-UK identifies itself as "a non-profit organization in the United Kingdom" and OCCRP describes itself as "a global network of investigative journalists headquartered in Amsterdam[ that] publish[es] its articles online." *See* Docket No. 491, pg. 8. Neither prospective intervenor alleges that their organization or personnel have any connections to the United States.

lack[ed] due process rights under the Fifth Amendment" to challenge notice afforded); *see also United States v. Bravo*, 489 F.3d 1, 9 (1st Cir. 2007) ("the actions of the United States directed against aliens in foreign territory or in international waters are not constrained by the Fourth Amendment") (citing *United States v. Verdugo–Urquidez*, 494 U.S. 259, 267 (1990)); *People's Mojahedin Org. of Iran v. U.S. Dep't of State*, 182 F.3d 17, 22 (D.C. Cir. 1999) ("A foreign entity without property or presence in this country has no constitutional rights, under the due process clause or otherwise."). Whether wholly foreign media organizations without property, presence, personnel, or readership in the United States have First Amendment rights of their own or standing to assert the First Amendment rights of those who do possess them is a constitutional question the Court notes but need not decide to resolve the instant motion.[3]

The Court has repeatedly expressed concern regarding unnecessarily restricted filings in this case and the potential impact of that practice, left unchecked, on the public's access

---

[3] TI-UK and OCCRP did not brief this issue or support their claim to First Amendment rights as foreign media organizations without any alleged or apparent connection to the United States.

to information. *See* Docket No. 65, pgs. 2–3; Docket No. 389, pgs. 1–3. The Court takes this opportunity to clarify the status and nature of the documents sought by TI-UK and OCCRP.[4]

First, most docket entries specified, *supra*, related to Bancrédito and OCIF remain under seal to protect Defendant Herrera-Velutini's "right to prepare a defense."[5] *See* Docket No. 186 ("Motion to Restrict"); Docket No. 187 (granting the Motion to Restrict at Docket No. 186). "There is no First Amendment [or common law] right of public access to . . . subpoenas or related materials." *United States v. Kravetz*, 706 F.3d 47, 53–56 (1st Cir. 2013). Indeed, a contrary rule would afford "scant value and considerable danger" by "requiring counsel for a criminal defendant to prematurely expose trial strategy to public scrutiny." *Id.* at 54. These documents are rightly sealed and will remain so.

---

[4] Careful review of the docket and status conference discussions conducted in open court reveal the information, *infra*, to interested members of the public and press. Piecing together information available in this case's extensive docket for public consumption is, indeed, the very task of the press and not this Court.

[5] Numerous documents that TI-UK and OCCRP ask this Court to unseal were, in fact, filed unrestricted. *See, e.g.*, Docket Nos. 252, 285, 370, 398, 400.

Second, all briefing related to the Motions to Dismiss at Docket Nos. 193, 224, and 262 is already public. All briefing related to Docket Nos. 193 and 224 was originally filed without viewing restrictions. Briefing related to Docket No. 262 has been redacted and made public at Docket No. 481. The exhibits associated with briefing on the Motion to Dismiss at Docket No. 262 will remain under seal pursuant to the Protective Order at Docket No. 76. The Government's Motion in Compliance at Docket No. 406 proposes redactions to briefing associated with the Motion to Dismiss at Docket No. 262 pursuant to the Omnibus Opinion and Order at Docket No. 389. *See* Docket No. 389, pg. 13. The redacted versions ultimately approved by the Court are publicly accessible at Docket No. 481.

Because TI-UK and OCCRP do not clearly allege standing in this matter, and because they move to intervene for the limited purpose of seeking relief already accorded, the Court **FINDS MOOT** their request to intervene.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 22nd day of February 2024.

<u>S/ SILVIA CARREÑO-COLL</u>
UNITED STATES DISTRICT COURT JUDGE