THE UNITED STATES DISTRICT COURT FOR THE DISTRICT
OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff<br><br>Vs<br><br>WANDA VAZQUEZ GARCED,<br><br><br>Defendants. | Criminal No. 22-cr-342-01(SCC) |

**RESPONSE TO THE UNITED STATES' MOTION FOR PROTECTIVE ORDER**

**TO THE HONORABLE COURT**:

COMES NOW defendant WANDA VAZQUEZ GARCED, by and through her attorneys, and most respectfully STATES, ALLEGES and PRAYS:

The Government has petitioned the Court for a Protective Order pursuant to 18 U.S.C. App. III ("CIPA") because it has "become aware that one or more defendants may seek defenses that implicate classified national security information." (D. 583.) The Government does not seek the Protective Order because it is planning to introduce classified material in its case in chief.

At the outset Governor Vazquez Garced informs the Court that she will not seek a defense that may implicate national security information.

*I.*

In criminal proceedings the Government is responsible for taking precautions against the unauthorized disclosure of classified information during the case. This responsibility applies both when the government intends to use classified information in

its case-in-chief as well as when the defendant seeks to use classified information in his or her defense. *See*: Title 18 U.S.C. App III.

The Classified Information Procedures Act ("CIPA") allows the government to ascertain prior to trial the classified information which the defendant possesses so that it can evaluate the effect of its disclosure on national security. Sections 5 and 6 of the Act provide the framework to ensure that all classified information is properly safeguarded. *United States v. Pringle*, 751 F.2d 419, 427 (1st Cir. 1984). *See* Title 18, U.S.C. App III.

CIPA is a procedural statute; it neither adds to nor detracts from the substantive rights of the defendant or the discovery obligations of the government. Rather, the procedure for making these determinations is different in that it balances the right of a criminal defendant with the right of the sovereign to know in advance of a potential threat from a criminal prosecution to its national security. *See, e.g.*, *United States v. Anderson*, 872 F.2d 1508, 1514 (11th Cir.); *United States v. Collins*, 720 F.2d 1195, 1197 (11th Cir. 1983). CIPA's procedural framework allows the Court to rule on questions of admissibility involving classified information before introduction of the evidence in open court. *Anderson*, 872 F.2d at 1514.

Section 5(a) of CIPA requires a defendant to give notice to "the United States and the court" if he or she reasonably expects to disclose classified information during trial or a pretrial proceeding. Once the defendant gives notice of her intention to introduce classified material, Section 6(a) permits the government to request an *in camera* hearing at

*Response*

-3-

which the court shall determine the "use, relevance, or admissibility" of the proposed information. 18 U.S.C. App. Sec. 5(a), 6(a).

## II.

Governor Vazquez-Garced respectfully informs the Court and the Government that she does not intend to disclose classified information during her trial.

The government did provide Vazquez-Garced with an unclassified summary of a particular piece of classified information in compliance with the Court's Order at docket 496. The information provided is not related to Governor Vazquez Garced and will not be used in her defense. (Nor will Vazquez Garced seek classified information from the Government.) In other words, all national security issues are unrelated to Governor Vazquez Garced.

Thus, the Court does not need to issue a protective order to include Governor Vazquez Garced. After all, the Government will not disclose any classified information to her nor will she seek any from the Government. (Should the Court nevertheless rule that a Protective Order is needed, Vazquez Garced has no objections with the proposed text submitted by the Government at Docket 583-1.)

This is not to say that Vazquez Garced has no position on this matter. She does - two years after being indicted she wishes to preserve her January 2025 trial date.

Section 5(a) places the burden on the defendant to inform the Court and the Government whenever he or she reasonably expects that classified information will be

*Response*

-4-

disclosed during trial. Although none of the defendants has made a section 5(a) disclosure, defendant Herrera-Velutini has "requested the production of certain classified information in discovery" and "plans" to file a *Motion to Compel.* (D. 587, page 2 of 15.) We foresee active litigation between Mr. Herrera-Velutini and the Government on this one issue.

Vazquez-Garced is concerned that litigation on this issue - coupled with the possible need to obtain security clearances for defense attorneys – will jeopardize the deadlines set by the Court at docket 566 and the January trial date. The Court's intervention at this stage is needed to preserve them.

To efficiently manage future litigation on this issue and keep the current trial date, Vazquez-Garced respectfully requests the Court to (1) direct Mr. Herrera-Velutini to file his *Motion to Compel*[1] within a reasonable time frame and (2) order the Government to inform the Court and each of the defendants whether it intends to use classified information in its case in chief. If either Mr. Herrera-Velutini or the Government expects to disclose classified information during trial, the Court can then promptly schedule a CIPA section 6(a) hearing "to make all determinations concerning the use, relevance, or admissibility of classified information that would otherwise be made during the trial."

Finally, Vazquez-Garced has decided that none of her attorneys should obtain a

---

[1]If the Court grants Herrera's Motion to Compel and orders the Government to disclose the classified information, then a protective order directed at Mr. Herrera-Velutini would be necessary "to protect against the disclosure of any classified information disclosed by the United States." See: CIPA section 3.

security clearance to access classified information protected under CIPA. Issuing security clearances is time consuming and the government has not informed Vazquez Garced that it intends to use classified information in its case in chief against her; nor will she disclose any in her defense. Faced with this scenario, the risk that engaging in this process will jeopardize the trial date outweighs any need to access classified information prior to trial.[2]

WHEREFORE, we respectfully pray from this Honorable Court to GRANT this motion and, accordingly, direct Mr. Herrera-Velutini to file his *Motion to Compel* within a reasonable time frame and order the Government to inform the Court and each of the defendants whether it intends to use classified information in its case in chief.

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico, July 11, 2024.

---

[2] In its proposed text the government correctly identified counsel Ignacio Fernandez de Lahongrais as the attorney for Vazquez Garced who would seek a security clearance. We had so informed them some time ago. However, for the reasons set forth herein, Vazquez Garced has reconsidered her decision to seek a security clearance for her defense team.

*Response*

-6-

| | |
|---|---|
| **s/Peter John Porrata**<br>PETER JOHN PORRATA<br>USDC – PR 128901<br>POB 3943<br>Guaynabo, PR 00969-3943<br>Tel. 407-953-9888<br>peterjohnporrata@gmail.com | **s/ Luis A. Plaza-Mariota**<br>Luis A. Plaza-Mariota<br>USDC - PR 124806<br>Luis A. Plaza Law Offices<br>P.O. Box 362122<br>San Juan, PR  00936-2122<br>Tel: 787-764-0310<br>plaza@luisplazalaw.com |
| **s/ Edgar Sanchez Mercado**<br>EDGAR SANCHEZ MERCADO<br>USDC-PR 227004<br>Tel. 787-565-0916<br>esmlawoffice@gmail.com<br><br>255 Avenida Ponce de León, Suite 1210<br>MCS Plaza<br>San Juan, Puerto Rico 00918-1475 | **s/ Ignacio Fernández de Lahongrais**<br>IGNACIO FERNANDEZ DE LAHONGRAIS<br>USDC - PR 211603<br>Tel. 787-923-5789<br>ignacio@bufetefernandezalcaraz.com<br><br>255 Avenida Ponce de León, Suite 1210<br>MCS Plaza<br>San Juan, Puerto Rico 00918-1475<br><br>*Attorneys for Wanda Vazquez Garced* |

*Response*

-7-

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on this same date, the undersigned attorney filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel for all parties in this action.

**s/ Ignacio Fernández de Lahongrais**
IGNACIO FERNANDEZ DE LAHONGRAIS
USDC - PR 211603
255 Avenida Ponce de León, Suite 1210
MCS Plaza
San Juan, Puerto Rico 00918-1475
Tel. 787-923-5789
ignacio@bufetefernandezalcaraz.com